## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AL BERGMAN,**

    Petitioner-Appellant,

v.                                                                                    **NO. 29,073**

**SARAH L. BERGMAN,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Michael T. Murphy, District Judge**

Rosner and Chavez, Attorneys At Law, LLC
Mary W. Rosner
Las Cruces, NM

for Appellee

Bates Law Firm
K. Jan Peterson
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Petitioner-Appellant (Mr. Bergman) appeals a Judgment and Final Decree of Dissolution of Marriage ordering him to pay spousal support to his former wife. [MIO 2] Our notice proposed to affirm. Mr. Bergman responded with a

memorandum in opposition. We have considered his arguments but are not persuaded. We affirm.

We review an award of spousal support under an abuse of discretion standard. *Hertz v. Hertz*, 99 N.M. 320, 326, 657 P.2d 1169, 1175 (1983) (holding that an award of spousal support will be altered only upon a showing of an abuse of discretion). A district court may award spousal support when the parties have been married twenty years or more prior to the dissolution of the marriage. *See* NMSA 1978, § 40-4-7(F) (1997).

In determining the amount of alimony to be awarded, the district court must consider the duration of the marriage, the needs, ages, and health of the parties, the means available for each party to support him or herself, earning capacity and the amount of property owned by each of the parties. *Hertz*, 99 N.M. at 326, 657 P.2d at 1175. The totality of the circumstances of the supporting spouse as well as those of the recipient spouse must be considered in determining the amount of alimony to avoid hardship on the supporting spouse and to prevent the recipient spouse from abdicating responsibility for his or her own support and maintenance. *Mitchell v. Mitchell*, 104 N.M. 205, 214, 719 P.2d 432, 441 (1986).

Mr. Bergman argues on appeal that the district court abused its discretion by

failing to consider the totality of the circumstances before awarding alimony. [MIO 1-2] He claims the award creates a financial hardship for him and allows his ex-wife to abdicate responsibility for her own maintenance. [MIO 2] In support of his argument, Mr. Bergman alleges the district court failed to consider Ms. Bergman's net worth including one-half the marital assets, her separate property, and her actual income. [MIO 2-3] He alleges that the district court simply accepted his ex-wife's underemployment and miscalculated her actual income. [MIO 3-4]

We note, however, that Mr. Bergman fails to allege how the award will create a financial hardship to him. Each party was awarded over $500,000.00 in marital assets at the dissolution of the marriage. [RP 95-96] Mr. Bergman's salary is $125,000.00 annually and the only significant debts in the marriage, the mortgages on the home, were ordered to be paid from the proceeds of sale of the home. [RP 41, 82] Mr. Bergman has not alleged how or why the monthly alimony payment will burden him financially or render him incapable of meeting his financial obligations.

Mr. Bergman also contends that the district court failed to consider Ms. Bergman's separate property, specifically, an inheritance capable of producing income and a one-fifth ownership interest in a family ranch, Bowsher Farms. [MIO 5-7] However, the court in its amended findings of fact and conclusions of law noted

wife's separate asset of $290,000.00 from an inheritance and calculated a rate of return of 3.75%. [RP 78] The court also listed wife's interest in Bowsher Farms as a separate asset and ordered that any income produced from such ownership shall be reported annually and may result in a modification of spousal support. [RP 78-80] The record indicates that the district court included Ms. Bergman's separate assets and the possible income to be derived therefrom in its determination of her annual income. [RP 76-78, 95-96]

Mr. Bergman also argues that the district court erred by failing to consider Ms. Bergman's ability to support herself by working full-time as a dental hygienist. [MIO 3-5] He alleges that her actual income should have been listed as $46,176.00 per year from working three days per week. [MIO 3-5] The district court, however, found that due to Ms. Bergman's high blood pressure and hip dysplasia, she was able to work only part time. [RP 77] The district court's finding does not appear to be an abuse of discretion and takes into account her needs, age, health, the means available for her to support herself, and earning capacity. *See Hertz*, 99 N.M. at 326, 657 P.2d at 1175.

In summary, Mr. Bergman has not shown on appeal that the district court abused its discretion in determining spousal support. The parties had been married for thirty-six years, there was a disparity in the education level and income of the parties,

and the district court considered each party's earning capacity, ability to pay, and the needs of each party. Therefore, we affirm the judgment and order of the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**